**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EVANS L. MADISON, | No. 14-35781 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-01998-JLR |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted February 8, 2017[**]

Before:    PREGERSON, LEAVY and OWENS, Circuit Judges.

Evans L. Madison appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Madison's application for

supplemental security income under Title XVI of the Social Security Act.  At step

-----

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

five of the sequential evaluation process, the administrative law judge (ALJ) determined that Madison could perform jobs existing in significant numbers in the national economy. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

1. The ALJ provided a detailed and sufficient credibility assessment of Madison's symptom testimony. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014). First, regarding Madison's seizure disorder, the ALJ identified medical evidence showing that Madison's seizures and Raynaud's syndrome had been well controlled with medication. This evidence undermines a conclusion that Madison's symptoms were disabling. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008). Second, the ALJ identified medical evidence showing that Madison sought narcotic pain relievers from four different doctors, three of whom declined to prescribe pain medication. This evidence undercut Madison's credibility with respect to the amount of pain he experienced. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); *see also Thomas v. Barnhart,* 278 F.3d 947, 959 (9th Cir. 2002). Third, the ALJ identified medical evidence that conflicted with Madison's statements regarding the extent of his symptoms. *See Molina*, 674 F.3d at 1113.

2.     The ALJ provided specific and legitimate reasons for giving little weight to the opinion of Madison's treating physician, Timothy Joos, M.D. *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014).  First, the ALJ found Madison to be less than fully credible when reporting his symptoms, and Dr. Joos's opinion relied more heavily upon Madison's self- reports than upon the objective medical evidence.  *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (explaining that the ALJ was "free to disregard" the opinion of an examining physician where the record supported the ALJ's discounting of the claimant's testimony).  Second, Dr. Joos provided no explanation or supporting evidence for his conclusion that Madison had gross or fine motor skill restrictions.  *See Thomas*, 278 F.3d at 957.

3.     The ALJ did not err in discounting the opinion of examining psychologist, David Widlan, Ph.D.  Although Dr. Widlan's opinion reflects that Madison reported symptoms that might limit his ability to work, the opinion does not explain how those symptoms "translate into specific functional deficits which preclude work activity." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999).  Additionally, the ALJ properly discounted the global assessment of functioning (GAF) score assigned by Dr. Widlan because the extremely limited functioning reflected in the GAF score conflicted with

3

Madison's daily activities. *Morgan*, 169 F.3d at 601–02. Moreover, because the ALJ properly found Madison to be less than fully credible in his reporting of the limiting effects of his symptoms, the ALJ did not err in discounting Dr. Widlan's otherwise unsupported GAF score. *Id.* at 602.

4. Finally, although the ALJ erred in failing to provide any explanation for rejecting the opinion of Jessica LeBlanc, M.D., that error was harmless. *Tommasetti*, 533 F.3d at 1038. Dr. LeBlanc saw Madison only two times in January 2010. The ALJ's decision includes a detailed and thorough summary of subsequent record medical evidence and opinions showing that Madison's leg weakness improved and his seizure condition stabilized with adjustments to his medication. Therefore any error in failing to address Dr. LeBlanc's opinion was inconsequential to the ultimate non-disability determination. *Id.*

**AFFIRMED.**

4